J-S22021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN ANDREW SHENK | : | |
| | : | |
| Appellant | : | No. 73 MDA 2019 |

Appeal from the PCRA Order Entered December 19, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001621-2012

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 15, 2019**

Appellant, Kevin Andrew Shenk, appeals *pro se* from the December 19, 2018 Order that dismissed as untimely his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.   Because Appellant fails to plead and prove an exception to the PCRA time bar, we affirm the PCRA court's dismissal.

On July 12, 2012, Appellant entered a negotiated guilty plea to two counts of Aggravated Assault and three counts of Recklessly Endangering Another Person, and the trial court sentenced him to eight years of probation.[1]

---

[1] This Judgment of Sentence was entered at Docket Number 1621-2012.  On the same day, Appellant also entered a negotiated guilty plea to Criminal Solicitation to Commit Statutory Sexual Assault, Unlawful Contact with a Minor, and Corruption of Minors at Docket Number 5517-2011 and twenty-four counts of Sexual Abuse of Children (Possession of Child Pornography) at Docket Number 5519-2011.   The trial court proceeded to sentence Appellant

---

*   Retired Senior Judge assigned to the Superior Court.

Appellant did not file a direct appeal. Thus, his sentence became final on August 13, 2012.[2] *See* 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); Pa.R.A.P. 902 (providing that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken.").

On May 18, 2018, Appellant filed his first *pro se* PCRA Petition.[3] In his *pro se* Petition, Appellant claimed that his sentence was illegal pursuant to a newly recognized constitutional right. PCRA Petition, 5/18/18, at 3-4. The

_____

to an aggregate term of twenty-five to fifty years of incarceration. On January 3, 2013, Appellant filed a Motion to Withdraw his guilty plea, which the trial court denied on January 24, 2013. On April 23, 2013, following a hearing, the trial court classified Appellant as a sexually violent predator.

[2] August 11, 2012 was a Saturday. *See* 1 Pa.C.S. § 1908.

[3] On July 1, 2013, Appellant filed a timely *pro se* PCRA Petition at Docket Numbers 5517-2011 and 5519-2011. After appointing counsel, who filed an Amended PCRA Petition, the PCRA court denied the Petition on April 1, 2014. This Court affirmed the PCRA court's denial on December 4, 2014. *Commonwealth v. Shenk*, 116 A.3d 679 (Pa. Super. 2014) (unpublished memorandum). On March 16, 2015, Appellant filed a second untimely *pro se* PCRA petition at Docket Numbers 5517-2011 and 5519-2011. On July 13, 2015, the PCRA court dismissed Appellant's Petition. Appellant did not appeal. On May 18, 2018, Appellant filed his third *pro se* PCRA Petition Docket Numbers 5517-2011 and 5519-2011 and his first *pro se* PCRA Petition at the above captioned Docket Number. On July 19, 2018, the PCRA court dismissed Appellant's PCRA Petition at Docket Numbers 5517-2011 and 5519-2011. This Court affirmed the PCRA court's dismissal on April 24, 2019. *Commonwealth v. Shenk*, Nos. 1321 MDA 2018; 1322 MDA 2018 (Pa. Super. filed April 24, 2019).

PCRA court appointed Dennis C. Dougherty, Esq., to represent Appellant. Attorney Dougherty subsequently filed a Petition to Withdraw as Counsel and a **Turner**/**Finley**[4] "no merit" letter. In response, Appellant filed a *pro se* Amended PCRA Petition alleging that his plea counsel was ineffective and caused him to enter an unknowing and unintelligent plea to charges barred by the statute of limitations. Amended PCRA, 11/26/18, at 2-3.

On November 27, 2018, the PCRA court granted counsel's Petition to Withdraw and notified Appellant of its intent to dismiss his Petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* Rule 907 Response ("Response") where he reiterated the claim his plea counsel was ineffective, re-characterizing this as a previously unknown fact. Appellant also advanced a new claim that his PCRA petition was untimely filed due to government interference, alleging that despite multiple requests for information, he did not receive a complete copy of his court records until November 2018, when he discovered the "previously unknown fact" that his charges were barred by the statute of limitations. Response, 12/19/18, at 1.

On December 19, 2018, the PCRA court dismissed Appellant's Petition as untimely. This timely *pro se* appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

---

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

I.      Did the Commonwealth error [*sic*] in filing charges against [] Appellant that were barred by the statute of limitations and in turn saw the charges through the guilty plea hearing and sentencing on July 12, 2012?  In the alternative does the Commonwealth[']s error constitute prosecutorial misconduct?

II.     Was Appellant[']s counsel from arraignment to sentencing, Attorney Jeffrey A. Conrad, ineffective in failing to raise the issue with the time barred charges in any hearings from arraignment up to and including the guilty plea hearing and sentencing on July 12, 2012?

III.    Was Appellant[']s assigned Appellate counsel, Attorney Dennis Dougherty, ineffective in failing to raise the issue with the time barred charges at any part of the appellate process in which he was appointed to represent [] Appellant.

IV.     Did the error by the Commonwealth of filing time barred charges cause the guilty plea entered into on July 12, 2012[,] to be unknowingly and unintelligently entered into by Appellant?  In the alternative was the sentence that resulted from the guilty plea legal and valid?

V.      Did the Commonwealth error [*sic*] in not holding an evidentiary hearing on the issues of ineffectiveness of counsel and legality of the guilty plea due to the ineffectiveness of counsel, recognized by the Honorable Howard F. Knisely [] in his 907 Notice?

Appellant's Brief at 6 (some capitalization omitted).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal

conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. ***See*** 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's Petition, filed more than five years after his Judgment of Sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

We note that even though a defendant cannot waive a legality of sentence issue, we do not have jurisdiction to review the legality of a sentence in a PCRA petition unless the petitioner can establish that the PCRA grants the court the authority to exercise jurisdiction over the legality of sentence issue. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007); ***see*** 42 Pa.C.S. § 9545(b); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." (citation omitted)).

In his PCRA Petition, Appellant attempts to invoke the timeliness exception set forth in Section 9545(b)(1)(iii), alleging that his illegal sentence claims are based on a newly recognized constitutional right. PCRA Petition, 5/18/18, at 3-4. Specifically, Appellant claims that pursuant to *Commonwealth v. Muniz*, 164 A.3d 1189, 1193 (Pa. 2017), he was illegally sentenced to Pennsylvania's Sex Offender Registration and Notification Act ("SORNA") in violation of the *ex post facto* clauses of the federal and state constitutions. *Id.* Appellant also claims that pursuant to *Commonwealth v. Butler*, 173 A.3d 1212, 1213 (Pa. Super. 2017), he was illegally determined to be a sexually violent predator ("SVP"). *Id.* However, the trial court did not find Appellant to be a SVP or sentence Appellant under SORNA at this criminal docket number. Instead, he pleaded guilty to Aggravated Assault and REAP, and the trial court sentenced him to eight years of probation. Accordingly, the holdings in both *Muniz* and *Butler* do not apply to the instant case and, thus, Appellant failed to invoke this exception to the PCRA time-bar.

In his Amended PCRA Petition and Response, Appellant attempts to invoke Section 9545(b)(1)(ii) to overcome the PCRA's time bar by alleging the "previously unknown fact" his plea counsel was ineffective and caused him to enter an unknowing and unintelligent plea to charges barred by the statute of limitations. Amended PCRA, 11/26/18, at 2-3; Response, 12/19/18, at 1. To invoke this exception, Appellant "must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015); 42 Pa.C.S. § 9545(b)(1)(ii).

- 6 -

Appellant also attempts to invoke Section 9545(b)(1)(ii) by advancing the argument that "government interference" prevented him from learning that his charges were barred by the statute of limitations because he requested his court records multiple times and just recently received them. Response, 12/19/18, at 1. To invoke this exception, Appellant must prove that, "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution of laws of this Commonwealth or the Constitution of laws of the United States." 42 Pa.C.S. 9545(b)(1)(i).

Appellant fails to prove either exception. Appellant fails to explain why he could not have learned about the statute of limitations earlier with the exercise of due diligence. Appellant likewise fails to explain how government officials prevented him from obtaining his court records in violation of state or federal constitutional laws. Appellant fails to satisfy any of the exceptions to the PCRA's time-bar and, thus, the PCRA court lacked jurisdiction to address the merits of Appellant's ineffectiveness claim. *See Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (reiterating that, because "the PCRA's timeliness requirements are jurisdictional in nature . . . courts may not address the merits of the issues raised in a petition if it is not timely filed"). We are, likewise, without jurisdiction to address the merits of the issues raised in Appellant's Petition.

Finally, in his 1925(b) Statement and Brief to this court, Appellant asserts, for the first time, that his PCRA counsel was ineffective. Rule 1925(b)

Statement, 1/8/19, at ¶ 9; Appellant's Br. at 5. This Court has explained that in order to preserve the issue that PCRA counsel was ineffective, a petitioner must include the claim in his Rule 907 response or raise the issue prior to filing a notice of appeal while the PCRA court retains jurisdiction. **Commonwealth v. Rigg**, 84 A.3d 1080, 1085 (Pa. Super. 2014). Because Appellant failed to raise this issue before the PCRA court while the PCRA court retained jurisdiction, Appellant failed to preserve his PCRA counsel ineffectiveness claim. Thus, we find this issue to be waived.

In conclusion, Appellant has not pleaded and proved the applicability of any of the PCRA's timeliness exceptions and, therefore, we are without jurisdiction to consider the merits of this appeal. Further, we find Appellant's claim that his PCRA counsel was ineffective to be waived. The PCRA court properly dismissed Appellant's Petition as untimely. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/15/2019